**MICROSOFT CORPORATION,**
Defendant–Appellant,

v.

**BRISTOL TECHNOLOGY, INC.,**
Plaintiff–Appellee.

No. 00–9508.

United States Court of Appeals,
Second Circuit.

Argued April 24, 2001.

Decided May 17, 2001.

David B. Tulchin, Michael T. Tomaino, Jr., Marc De Leeuw, Brian T. Frawley, Sullivan & Cromwell, New York, NY; (Steven J. Aeschbacher and Richard J. Wallis, Microsoft Corporation, Redmond, WA; James Sicilian, Day Berry & Howard, LLP, Hartford, CT; on the brief), for Defendant–Appellant.

Before JACOBS, PARKER, KATZMANN, Circuit Judges.

PER CURIAM:

Microsoft Corporation ("Microsoft") moves, unopposed, to vacate the order entered in the United States District Court for the District of Connecticut (Hall, J.), imposing punitive damages in the amount of $1 million and granting in part Bristol's request for injunctive relief. Finding exceptional circumstances, we grant the motion.

Bristol Technology, Inc. ("Bristol") sued Microsoft in 1998 alleging federal and state antitrust claims, and other state statutory and common law claims, including violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen.Stat. § 42–100a *et seq.* At issue was the scope of an agreement between the companies to license source code for Microsoft operating systems.

The case went to trial in June 1999. After a six-week trial, the jury found in favor of Microsoft on the state and federal antitrust claims, and found that Microsoft had not committed "unfair" acts or practices in violation of CUTPA. The sole claim on which Bristol prevailed was that Microsoft had violated CUTPA by "deceptive" acts or practices, and on that claim the jury awarded Bristol one dollar in damages. The jury was not charged on punitive damages, and neither party requested such a charge or objected to its omission.

Bristol moved post-trial for an award of punitive damages, for injunctive relief, and for attorneys' fees and costs under CUTPA. *See id.* §§ 42–110g(a), (d). Microsoft opposed these motions. In an order dated August 31, 2000, the district court granted Bristol's motion for punitive damages, assessed punitive damages in the amount of $1 million, and granted in part the motion for injunctive relief. In a separate order dated November 3, 2000, the court awarded Bristol $2,979,621.42 in attorneys' fees and $750,806.67 in costs. Only the August 31 order is the subject of Microsoft's motion for vacatur.

Microsoft filed a timely notice of appeal in this Court, but the parties reached a settlement. The settlement agreement was entered with the understanding that Bristol would not oppose Microsoft's motion for vacatur of the district court's order

**154**

on punitive and injunctive relief. For the following reasons, we grant the motion.

\* \* \*

■ Appellate courts have the power to "vacate ... any judgment, decree, or order of a court lawfully brought before it for review...." 28 U.S.C. § 2106. "[T]he practice in [this] circuit ha[d] been to vacate district court judgments when a settlement moots the controversy." *Nestle Co., Inc. v. Chester's Mkt., Inc.*, 756 F.2d 280, 283 (2d Cir.1985) (citing *Amalgamated Clothing and Textile Workers Union v. J.P. Stevens & Co.*, 638 F.2d 7 (2d Cir. 1980) (per curiam)). However, in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), the Supreme Court raised the bar appreciably, and ruled that mootness by settlement is insufficient to overcome opposing considerations: (i) that judicial precedents enjoy a presumption of correctness, *see Bancorp*, 513 U.S. at 27, 115 S.Ct. 386; (ii) that society benefits from the resolution of legal questions through orderly procedures, *see id.;* and (iii) that when a case is settled, "the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur", *id.* at 25, 115 S.Ct. 386. Vacatur is now therefore an "extraordinary remedy" to be granted only in "exceptional circumstances". *Id.* at 26, 29, 115 S.Ct. 386.

■ "[E]xceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur." *Id.* at 29, 115 S.Ct. 386. "[W]hen a judgment is mooted by settlement, vacatur is usually not justified because the social value in preserving precedents is not outweighed by equitable considerations." *Major League Baseball Properties v. Pacific Trading Cards, Inc.*, 150 F.3d 149, 151 (2d Cir.1998); *see also Haley v. Pataki*, 60 F.3d 137, 142 (2d Cir.1995) ("[V]acatur is not required where mootness results from a voluntary settlement reached by the parties.").

■ Accordingly, the movant must demonstrate "equitable entitlement to the extraordinary remedy of vacatur." *Bancorp*, 513 U.S. at 26, 115 S.Ct. 386. "This is not to say that vacatur can never be granted when mootness is produced" by settlement, *id.*, as it was here. This Court will vacate a judgment or order mooted by settlement where the relief is equitably justified by exceptional circumstances. *See Major League Baseball*, 150 F.3d at 151 (recognizing under *Bancorp* "an exception could be made even for settled cases where 'exceptional circumstances' counsel[ ] in favor of vacatur").

Without undertaking to say what is "exceptional" under *Bancorp* and what is not, we have granted vacatur on several occasions. In *Major League Baseball*, a trademark owner represented that, notwithstanding its willingness to settle the case, it could not forgo the appeal of a decision that, left standing, could make its marks vulnerable in future litigation. *See* 150 F.3d at 152 (finding exceptional circumstances where "vacatur of the district court's order and opinion was a necessary condition of settlement"). In granting vacatur, we observed that "[t]he only damage to the public interest from such a vacatur would be that the validity of MLB's marks would be left to future litigation." *Id.*

In *Keller v. Mobil Corp.*, 55 F.3d 94 (2d Cir.1995), the plaintiff declined to proceed with an otherwise satisfactory settlement unless the sanction that the district court imposed on her attorney was lifted. *See id.* at 98. This Court noted that the order imposing sanctions was collateral and em-

phasized that it was not required "to accept such a condition for the sake of facilitating settlement." *Id.* Vacatur was granted nevertheless, because the district court had erred in imposing the sanction in the first place, and because "if the sanction were removed then the way to a settlement would be clear." *Id.* at 98, 100.

■ In both *Major League Baseball* and *Keller,* the exceptional circumstances had to do with the facilitation of settlements that would obviate pending appeals. But equitable vacatur is not limited to situations that serve the convenience of appellate courts. By nature, circumstances that are "exceptional" elude such limits or classification. And *Bancorp* expressly envisions a situation where a judgment already mooted by settlement may nonetheless require vacatur because of exceptional circumstances. *See Bancorp,* 513 U.S. at 29, 115 S.Ct. 386 (recognizing that "the determination is an equitable one").

\* \* \*

■ The following circumstances convince us to grant Microsoft's motion to vacate the district court's order.

1. It is unclear whether the district court had the power to reach the issue of punitive damages. We need not decide whether Rule 49(a) authorizes the district court to make factual findings on punitive damages where the parties failed to request a jury charge on that issue. *Cf. Caruso v. Forslund,* 47 F.3d 27, 30–31 (2d Cir.1995) (affirming denial of new trial on punitive damages where plaintiff, having failed to object that no such jury charge was given, "waived her right to a determination of whether she is entitled to punitive damages"). *But see id.* at 33–34 (Kearse J., concurring) (suggesting that district court has power under Rule 49(a) to decide on punitive damages where parties have failed to ask the court to put the issue to the jury). For our purposes it is enough to observe that the district court's power to issue its ruling is subject to doubt.

2. One rationale for requiring that exceptional circumstances be shown is the value our system affords judicial precedent. However, the chief precedential value of the district court opinion is its reading of CUTPA; and since CUTPA is a state statute, and since one can expect that its import will be developed by Connecticut state courts, a federal court interpretive opinion is perhaps dispensable.

3. The district court's opinion imposed punitive damages under CUTPA, which provides that punitive damages are to be assessed by the judge. *See* Conn. Gen. Stat. § 42–110g(g). Absent a waiver by the defendant, however, punitive damages are by nature confided to the jury, *see Doralee Estates, Inc. v. Cities Serv. Oil Co.,* 569 F.2d 716, 722 (2d Cir.1977) ("Since punitive damages by their nature do not admit of precise determination, their evaluation is properly within the discretionary province of the jury . . . ."), and we decline to speculate as to whether the district court's factual findings in this case are consistent with the Seventh Amendment. That question is sharpened by the jury's finding in favor of Microsoft on the CUTPA unfair practices claim, the section of CUTPA that most closely resembles punitive damages, as well as by the jury's award of only nominal damages on the CUTPA claim based on deceptive acts or practices. Under Connecticut law, nominal damages are not considered actual damages. *See Larsen Chelsey Realty Co. v. Larsen,* 232 Conn. 480, 656 A.2d 1009, 1023 (1995) ("Nominal damages mean *no* damages. They exist only in name and not in amount." (internal quotation marks and citation omitted)).

4. A final equitable consideration is that individuals (some not named parties) are the subject of moral appraisals integral to the findings on punitive damages. Given the question as to the district court's powers under the federal rules and the question as to the Seventh Amendment, it is equitable to vacate findings that are no longer subject to appellate review by reason of the corporate defendant's decision to settle the litigation.

* * *

In the nature of this proceeding-unopposed, and untested by adversary briefing-we undertake no ruling on the merits of any issue other than the conclusion that the circumstances here, as a whole, are exceptional under *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). The motion for vacatur is granted.