**AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA, a California non-profit mutual benefit corporation, Plaintiff,**

v.

**MELLON BANK (DE) NATIONAL ASSOCIATION, a national banking association, and DOES 1 through 20, inclusive, Defendant(s),**

**And Related Counter Claim(s).**

**No. CV 97–6785 SJO.**

United States District Court, C.D. California.

Nov. 24, 2004.

Diann H. Kim, Wendy O. Clendening, Overland Borenstein Scheper & Kim, Kate Schneider Gold, Kaye Scholer, Los Angeles, CA, for Plaintiff.

Frederick L. McKnight, Ricky L. Shackelford, Reed T. Aljian, Eugenia Castruccio Salamon, Jones Day, Los Angeles, CA, Gerard P. Harney, Huey Cotton, Aaron Krauss, Charles Edward Wheeler, James E. Robinson, Salvatore R. Faia, Cozen & O'Connor, San Diego, CA, Patrick J. O'Connor, Powell Goldstein Frazer & Murphy, Atlanta, GA, for Defendants.

## ORDER RE JOINT MOTION FOR (1) VACATUR OF JUDGMENT AND (2) DEPUBLICATION OF FINDINGS OF FACT AND CONCLUSIONS OF LAW

OTERO, District Judge.

On December 22, 2003, this court issued an Opinion and Order, *Auto. Club v. Mellon Bank (DE) N.A.*, 299 F.Supp.2d 1032, 1036 (C.D.Cal.2003). The court determined, *inter alia*, "that [Automobile Club of Southern California] ACSC shall not recover on any of its claims and that Judgment be entered in favor of Defendant Mellon Bank (DE) National Association and against Plaintiff Automobile Club of Southern California on the complaint." *Auto. Club v. Mellon Bank (DE) N.A.*, 299 F.Supp.2d 1032, 1037 (C.D.Cal.2003). Furthermore, in the same Opinion and Order, it was adjudged "that Counter Claimant and Defendant Mellon Bank (DE) National Association have Judgment against Counter Defendant Automobile Club of Southern California for economic damages in the sum of $598,922, together with interest thereon commencing August 23, 1996 on the counter claim." *Id.* Mellon was decreed the prevailing party and shall recover its reasonable fees and costs pursuant to § 37 of the Club Issuer Agreement. The court went on to make detail findings of fact and conclusions of law.

The Opinion and Order was subsequently appealed. On August 19, 2004, the parties met before Chief Circuit Mediator for the Ninth Circuit, David E. Lombardi. (Joint Motion, Ex. A, Letter from Lombardi.) The Mediator reports "the parties were able to resolve all outstanding issues between them, including the underlying dispute, the appeal, and Mellon Bank's unresolved motion for

attorneys' fees & expenses." (*Id.*) Furthermore, the Mediator recounts "[a]n integral part of the confidential settlement between the Auto Club and Mellon Bank is the parties' instant joint motion." (*Id.*)

■■ The parties are now before the court requesting the court (1) vacate the December 22, 2003 judgment in this matter, and (2) depublish the Findings of Fact and Conclusions of Law. (Mot. at 6:4–7.) FED. R. CIV. P. Rule 60(b) empowers a district court to vacate its judgment for any reason justifying relief from the operation of the judgment. The court should balance "the competing values of finality of judgment and right to relitigation of unreviewed disputes," in deciding whether to grant the instant motion and vacate the judgment. *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir.1982). In view of the resources already expended by both parties in litigating the instant dispute, in addition to the agreement reached before the Mediator, there appears to be little chance of relitigation. Because the settlement is final, the effect of *res judicata* is of secondary importance. Moreover, the instant action involved a fact specific contract formed under Delaware law. As a result, there is little precedential value in the Opinion and Order at issue. *See Microsoft Corp. v. Bristol Technology, Inc.*, 250 F.3d 152, 155–56 (2d Cir.2001). Finally "it is equitable to vacate findings that are no longer subject to appellate review by reason of the corporate defendant's decision to settle the litigation." *Id.* Accordingly, the Motion is hereby GRANTED.

The Opinion and Order of this court dated December 22, 2003 is hereby VACATED. Moreover, *Auto. Club v. Mellon Bank (DE) N.A.*, 299 F.Supp.2d 1032, 1037 (C.D.Cal. 2003), is hereby ORDERED depublished.