MATTEL, INC., Plaintiff,

v.

**GOLDBERGER DOLL MANUFACTURING CO., Radio City Productions L.L.C., and Radio City Entertainment, a Division of Madison Square Garden, L.P., Defendants.**

No. 00 Civ. 6272(JSR).

United States District Court,
S.D. New York.

April 13, 2006.

See also 365 F.3d 133.

Jeffrey A. Conciatori, Quinn Emanuel Urquhart Oliver & Hedges LLP, New York, NY, for Plaintiff.

Michael Aschen, Abelman, Frayne & Schwab, New York, NY, for Defendants.

## OPINION

RAKOFF, District Judge.

Mattel, Inc. ("Mattel") brought suit claiming that a Rockette doll sold by defendant Radio City Entertainment ("Radio City") infringed plaintiff's copyrights in certain Barbie Dolls.[1] The Court initially granted summary judgment to plaintiff, but the Court of Appeals remanded for trial. *Mattel, Inc. v. Goldberger Doll Mfg. Co.*, 365 F.3d 133, 137 (2d Cir.2004). Following a bench trial, the Court, on the basis of detailed findings of fact and conclusions of law, determined that there was no infringement. *See* Findings

and Conclusions, Nov. 20, 2004. Judgment was duly entered for Radio City on December 7, 2004, and Mattel appealed. On November 14, 2005, however, Mattel, in order to facilitate a proposed post-verdict settlement, moved this Court to vacate its judgment pursuant to Fed.R.Civ.P. 60(b). By Order dated December 12, 2005, the Court denied the motion for want of jurisdiction, since the matter was on appeal. The parties then withdrew the appeal without prejudice, and on January 27, 2006, jointly renewed the motion to vacate. The Court again denied the motion by Order dated March 30, 2006, with Opinion to follow. This is that Opinion.

■ Rule 60(b)(6) of the Federal Rules of Civil Procedure permits district courts, upon motion, to relieve a party from a final judgment for "any ... reason justifying relief from the operation of the judgment." Motions made under Rule 60 are "addressed to the sound discretion of the district court," but are granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986).

■ No such circumstances are present here. The parties represent that they have reached a resolution of at least one other lawsuit besides the one that was before this Court, as well as a methodology for dealing with any future disputes between them, but that this "global" settlement is contingent on vacating the Court's prior judgment. In essence, Mattel is prepared to make certain concessions to Radio City in order to wipe away an adverse judgment. More than this is necessary to justify vacatur in this case.

Much the same issue was presented to the Supreme Court in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), where the Court considered the issue of "whether courts should vacate where mootness results from a settlement." *Bonner Mall*, 513 U.S. at 23, 115 S.Ct. 386.[2] As the Court there noted, "Judicial precedents are presumptively correct and valuable to the community as a

---

1. Certain other defendants were also named, but Mattel settled with them early in the case.

2. Here, since the settlement is contingent on vacatur, the matter is not presently moot, but this is a distinction without a difference so far as the issues here are concerned.

whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Id.* at 26, 115 S.Ct. 386. Indicating that this was a rule of general application, the Court in *Bonner Mall* pointedly disagreed with the suggestion of the Second Circuit in *Manufacturers Hanover Trust Co. v. Yanakas,* 11 F.3d 381, 384 (2d Cir.1993) that vacatur of district court judgments should be more freely granted than those of appellate courts. *Bonner Mall,* 513 U.S. at 28–29, 115 S.Ct. 386. Finally, the Court in *Bonner Mall* concluded that while, in the exercise of a court's equitable discretion, "exceptional circumstances may conceivably counsel in favor of [vacatur] ... those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur...." *Id.* at 29, 115 S.Ct. 386.

As the Court of Appeals thereafter stated in *Microsoft Corp. v. Bristol Technology, Inc.,* 250 F.3d 152 (2d Cir.2001), *Bonner Mall* "raised the bar appreciably" from the prior practice in the Second Circuit of vacating district court judgments following post-judgment settlement and "ruled that mootness by settlement is insufficient to overcome opposing considerations: (i) that judicial precedents enjoy a presumption of correctness; (ii) that society benefits from the resolution of legal questions through orderly procedures; and (iii) that when a case is settled, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." *Microsoft Corp.,* 250 F.3d at 154 (internal citations omitted).

This is not to say that there are not cases where genuinely exceptional circumstances outweigh the public interests described above. *See id.* at 155. But the circumstances Mattel here claims are "exceptional" are nothing of the kind. The fact that the proposed vacatur is part of a (rather modest) "global" settlement that resolves one other outstanding dispute between the parties and the potential for some future disputes is, in the Court's experience, characteristic of the great majority of commercial settlements, where the parties almost always try to "wrap up" all outstanding disputes. The fact, emphasized by Mattel, that it is a "repeat player" in the courts undoubtedly attests to its assiduousness, even litigiousness, in preserving its lucrative Barbie copyrights, but has nothing to do with the "public interest" that *Bonner Mall* indicated would be the kind of equitable consideration that might warrant vacatur. *Bonner Mall,* 513 U.S. at 27, 115 S.Ct. 386. Finally, Mattel's assertion that its motion will not harm the public interest is plainly unsupportable, not only for the institutional reasons previously described, but also because—precisely because of Mattel's aggressiveness—there is a public interest in knowing, as the Court's prior findings and judgment establish, that not every female doll is a Barbie knock-off.

Accordingly, for the foregoing reasons, the Court hereby reaffirms its Order of March 30, 2006 denying the motion to vacate.