16-4274-cv
*Vullo v. Baron*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand seventeen.

PRESENT:  AMALYA L. KEARSE,
          JOSÉ A. CABRANES,
          RICHARD C. WESLEY,
                    *Circuit Judges.*

---

STEPHEN BARON,

    *Defendant-Appellant*

CONDOR CAPITAL CORP.,

    *Defendant*

    *v.*

MARIA T. VULLO,

    *Plaintiff-Appellee,*                    16-4274-cv

DENIS O'CONNOR,

    *Receiver-Appellee,*

WELLS FARGO BANK, N.A.

    *Intervenor.*[*]

---

[*] The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

1

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | PAUL NIEHAUS, Niehaus LLP, New York, New York |
| **FOR PLAINTIFF-APPELLEE:** | JUDITH VALE, Senior Assistant Solicitor General, *for* Eric T. Shneiderman, Attorney General, State of New York; |
| **FOR RECEIVER-APPELLEE:** | MARC D. POWERS, Marco Molina (*On the Brief*), Baker & Hostetler LLP, New York, New York |

Appeal from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 28, 2016 judgment of the District Court be and hereby is **AFFIRMED**.

Appellant Stephen Baron appeals, pursuant to 28 U.S.C. § 1291, from the District Court's final postjudgment order terminating the Receivership of Condor Capital, Corp.; discharging the Receiver; approving and ratifying all fees requested by and issued to the Receiver and his attorneys during the case; and releasing the Receiver, his attorneys, and various other parties for any actions taken in connection with the Receivership. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review for abuse of discretion the District Court's awarding of receiver's fees (*see S.E.C. v. Cap. Counsellors, Inc.*, 512 F.2d 654, 658 (2d Cir. 1975)), its approval of litigation releases (*see In re Beck Indus., Inc.*, 725 F.2d 880, 889 (2d Cir. 1984)), and its denial of a recusal motion (*see United States v. Yousef,* 327 F.3d 56, 169 (2d Cir. 2003)). "A District Court has abuse[d] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence… or rendered a decision that cannot be located within the range of permissible decisions" *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations and quotation marks omitted).

Before addressing Baron's contentions that the District Court improperly permitted the receiver to wind down Condor and Wells Fargo to intervene, this Court must consider whether some issues raised in this appeal are moot. They are. When a District Court issues a final judgment and permanent injunctive relief, as it did here, it renders an appeal from a preliminary injunction moot. *See Webb v. GAF Corp.*, 78 F.3d 53, 55-56 (2d Cir. 1996). Baron also failed to appeal the preliminary injunction when issued, and voluntarily withdrew with prejudice his appeal from the denial of a motion to modify it. In addition, when a case is settled by an agreement on a final judgment to be entered on consent, "the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari." *LaForest v. Honeywell Int'l Inc.*, 569 F.3d 69, 73 (2d Cir. 2009) (quoting *Microsoft Corp. v. Bristol Tech., Inc.*, 250 F.3d 152, 154 (2d Cir. 2001)). Seven months after the District Court issued its preliminary injunction, Baron entered into a final consent agreement. In doing so, Baron agreed to waive findings of fact and conclusions of law and any right to appeal from the judgment.

2

Moreover, this Court cannot provide Baron's requested relief. Baron requests a general declaration that the wind-down of Condor was inappropriate and a warning to future equity receivers against liquidation. Yet it is well settled that this Court cannot offer advisory opinions on moot questions or abstract principles. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).

Baron argues that this Court has previously issued advisory opinions with regard to equity receivers. Yet he cites only one case, which addressed a different context, where the District Court effectively had employed a receivership as a "substitute for bankruptcy." *S.E.C. v. Am. Bd. of Trade, Inc.*, 830 F.2d 431, 437 (2d Cir. 1987). There, this Court did not issue an advisory opinion; rather, it affirmed the District Court's appointing of an equity receiver. *Id.* In sum, Baron's contentions with regard to the wind-down and the intervention are moot and cannot be the subject of an opinion, advisory or otherwise.

Some of Baron's issues raised on appeal are not moot. First, he argues that the District Court erred in approving the fees awarded to the Receiver and his attorneys. We disagree. District courts retain broad discretion in setting and approving the fees of receivers. *See Goldberger v. Integrated Res., Inc.,* 209 F.3d 43, 47-48 (2d Cir. 2000). Baron contends that the District Court failed to apply an objective standard for determining the Receiver's fees, either 1) the percentage of recovery method or 2) the lodestar method. *See S.E.C. v. Byers,* 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008). Yet while courts may "typically" employ these calculations, as the District Court in *Byers* noted, they are not mandated to do so. *Id.* Baron also contends that the fees awarded to the receiver are inappropriate on their face. Yet there is little in the record to suggest that the District Court exceeded its discretion. To the contrary, the District Court appropriately considered that: the issues presented in this case were complex, the Receiver recorded his work diligently, and Baron contributed to the high fees through his own conduct. Baron alleges several instances in which the Receiver or his attorneys either did not properly document billing or did not submit fee requests. But these disputes do not give rise to an abuse of the District Court's ample discretion.

Baron next argues that the District Court erred in issuing a release of the Receiver, his attorneys, and certain third parties from all future liability. Baron points to 28 U.S.C. § 959(a), an exception to the *Barton* rule blocking suits against receivers. *See Barton v. Barbour*, 104 U.S. 126 (1881). The statute states that "[R]eceivers . . . may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in *carrying on business* connected with such property." 28 U.S.C. § 959(a) (emphasis added). The Receiver in this case, Baron contends, was undoubtedly carrying on business by making critical decisions and engaging in complex sales of Condor's assets. This Court, however, has ruled that § 959(a) does not apply where a receiver merely "perform[s] administrative tasks necessarily incident to the consolidation, preservation, and liquidation of assets in the debtor's estate." *In re Lehal Realty Assocs.*, 101 F.3d 272, 276 (2d Cir. 1996). Here, the Receiver did not engage in the actual business of Condor, but instead liquidated and wound down. Mere liquidation of assets, no matter how critical or complex, does not fall under the § 959(a) exception.

Baron also claims that the District Court's litigation release of Och-Ziff, the company that purchased a portion of Condor's loans, improperly expanded a previous Och-Ziff release. But the Termination Order merely reaffirmed the District Court's earlier release of Och-Ziff. We thus affirm the District Court with regard to the releases.

3

Finally, Baron challenges the District Court's denial of his postjudgment motion for recusal, and he requests that upon any remand, this matter be assigned to a different judge. We see no abuse of discretion in the denial of that motion, and we do not intend to remand. Therefore, we need not address this unusual request.

## CONCLUSION

We have considered all of appellant's arguments and find them to be without merit. Accordingly, the several orders of the District Court are affirmed and the November 28, 2016 judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4