**Antonio Jose P. MOTTA, Plaintiff, Appellee,**

v.

**DISTRICT DIRECTOR OF IMMIGRATION & NATURALIZATION SERVICES, Defendant, Appellant.**

**No. 95–1112.**

United States Court of Appeals, First Circuit.

Heard June 6, 1995.

Decided Aug. 8, 1995.

Charles E. Pazar, Atty., Office of Immigration, Civ. Div., with whom Frank W. Hunger, Asst. Atty. Gen., Civ. Div., and Emily Anne Radford, Office of Immigration Litigation, Civ. Div., U.S. Dept. of Justice, Washington, DC, were on brief for appellant.

Joseph S. Callahan, Fall River, MA, for appellee.

Before SELYA, Circuit Judge, CAMPBELL, Senior Circuit Judge, and CYR, Circuit Judge.

PER CURIAM.

Respondent-appellant, the District Director of the Immigration and Naturalization Service ("INS"), appeals from the judgment of the district court regarding appellee Antonio Jose Pacheco Motta's petition for writ of habeas corpus. *Motta v. District Director, INS,* 869 F.Supp. 80, 98 (D.Mass.1994). Facing imminent deportation under 8 U.S.C. § 1182(a)(2)(A)(i)(I) (Supp. V 1994), Motta petitioned for the writ, alleging that his right to Due Process under the Fifth Amendment had been violated during the course of his earlier deportation proceedings. Although

the district court did not order his release, it stayed his deportation until the Board of Immigration Appeals ("BIA") could issue a decision on Motta's pending motion to reopen his deportation proceeding, and for ninety days thereafter to permit review of that decision, if necessary, by the U.S. Court of Appeals for the First Circuit. *Id.* The INS appealed. The BIA has not yet issued a decision.

During oral argument, we raised with counsel the possibility that a settlement might be in the best interests of both parties. Counsel for the INS indicated that the INS might be willing to extend to Motta a temporary stay of deportation comparable to that ordered by the district court if the lower court decision—establishing what the INS sees as a dangerous and erroneous precedent—were vacated. Counsel for Motta indicated that this might be a desirable resolution for his client as well, since it removes any risk that this Court would agree with the INS and reverse the district court's stay of deportation. At the end of argument, we directed counsel to discuss a possible settlement with their clients and to advise this Court within 10 days as to whether such an agreement would be possible. The INS subsequently informed this Court that the INS would stay Motta's deportation during the pendency of his appeal to the BIA and for an additional ten days thereafter to afford time to file a petition for review before the Court of Appeals, if necessary. Motta's counsel has indicated that he accepts the tendered INS stay.

■ There now being no actual controversy between the two parties, we hold that this appeal is moot and vacate the lower court's decision. *United States v. Munsingwear, Inc.,* 340 U.S. 36, 39–40, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1951). In vacating the lower court's decision, we have taken pains to consider whether this appeal falls within the Supreme Court's prohibition against vacatur in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* —— U.S. ——, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). We conclude that it does not. In *Bancorp,* the Court held that "[w]here mootness results from settlement ..., the losing party has voluntarily

forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice." *Id.* at ——, 115 S.Ct. at 392.

Here, given the different posture of this case, the equities plainly favor vacatur. The INS did not by its own initiative relinquish its right to vacatur, as the petitioner did in *Bancorp.* Rather, the INS has at all times sought to pursue its appeal; it has agreed to consider settlement only at the suggestion of this Court, the proposed settlement being an inexpensive, simple, and speedy way to accommodate the interests of both parties. As the INS has not initiated the relinquishment of its right to the remedy, the same equitable calculus underlying *Bancorp* is not present. Nor, given this Court's involvement and initiative in the proceedings, does vacatur in this case implicate the concerns expressed by the *Bancorp* Court about giving parties undue control over judicial precedents. We see no appreciable harm to the orderly functioning of the federal judicial system by vacating judgment.

■ To be sure, it can be argued that depriving the public and the judicial system of the precedential value of the district court's opinion works a kind of harm. But we do not believe that such a species of harm is entitled to take priority over the parties' best interests. Placing the former above the latter would be inequitable. This case contrasts with the usual appeal, where vacatur is only one consideration among others in a settlement. Here, the INS, as a repeat player before the courts, is *primarily* concerned with the precedential effect of the decision below. If that decision stands, all possibility of a settlement is eliminated. If it is vacated, the appellee acquires the absolute certainty of not being deported, while the government saves the costs and risk of litigation—a win for both sides. It is true the *Bancorp* Court discusses and rejects the possible impact of its rule in discouraging settlements. *Id.* at ——, 115 S.Ct. at 393. But it does so in aggregate, saying in the end that "[w]e find it quite impossible to assess the effect of our holding, either way, upon the frequency or

systemic value of settlement." In this case, by contrast, the negative impact on settlement is absolutely clear. We think this case presents "exceptional circumstances" to which the Court referred in *Bancorp*.

We accordingly vacate the district court's decision and remand with directions to dismiss this suit as moot. We also deny, as moot, the INS's pending motion for leave to file a supplemental brief. Each party will bear its own costs.

*So ordered.*