**John F. BARRY, Joseph G. Cote, John A. Frabotta and Richard E. Omohundro, Jr., Plaintiffs,**

v.

**Lawrence T. ATKINSON, Defendant.**

**No. 96 Civ.8436(PKL).**

United States District Court, S.D. New York.

May 18, 2000.

Richard J.J. Scarola, Scarola & Reavis, New York City, for Plaintiff.

Stephen E. Tisman, Shiff & Tisman, New York City, for Defendant.

## MEMORANDUM ORDER

LEISURE, District Judge.

Pursuant to Fed.R.Civ.P. 60(b), defendant moves for vacatur of the judgment entered by the Court in this action on August 17, 1999, and amended on November 8, 1999. Plaintiffs join defendant in this motion, submitted to the Court on May 12, 2000.[1] For the reasons stated below, the parties' motion is denied.

## BACKGROUND

Following a bench trial of this matter, the Court issued its findings of fact and conclusions of law by Opinion and Order dated August 10, 1999. Judgment entered in plaintiffs' favor on August 17, 1999, in the amount of $534,130.13. On August 30, 1999, plaintiffs moved to amend the judgment to increase the award of attorneys' fees and prejudgment interest. On November 3, 1999, the Court granted plaintiffs' motion in part, and on November 8, 1999, an amended judgment was entered.

While plaintiffs' motion to amend the judgment was *sub judice*, two other developments occurred in this case. On September 14, 1999, defendant filed a notice of appeal to the United States Court of Appeal for the Second Circuit. On December 9, 1999, the Second Circuit issued its mandate, indicating that defendant's appeal had been withdrawn. In addition, while defendant's appeal was pending, plaintiffs moved by order to show cause to have the Court's judgment certified to the United States District Court for the District of Nevada, pursuant to 28 U.S.C.

§ 1963. Following a hearing on October 20, 1999, the Court granted plaintiffs' motion by Order dated the same day. When the amended judgment was entered on November 8, 1999, the Court further directed the Clerk of Court to certify the amended judgment to the District of Nevada.

There has been no activity in this case since defendant withdrew his appeal in December 1999. The parties now inform the Court that they have entered a "confidential settlement agreement" with respect to the claims brought by plaintiffs here and in other districts, and ask the Court to vacate its judgment in the interest of protecting defendant's reputation against certain findings of fact with which he disagrees.

## DISCUSSION

■ Rule 60(b)(6) permits the Court to "relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... any ... reasons justifying relief from the operation of the judgment." Fed. R.Civ.P. 60(b). A motion made under this provision must be brought "within a reasonable time." *Id.* Motions for vacatur are "addressed to the sound discretion of the district court," *Nemaizer v. Baker*, 793 F.2d 58, 61–62 (2d Cir.1986), and are reviewed only for abuse of discretion. *See Nestle Co. v. Chester's Market, Inc.*, 756 F.2d 280 (2d Cir.1985).

■ As a threshold matter, the Court finds that the parties did not bring their motion within a reasonable time, as required by Rule 60(b)(6). The Court issued its findings of fact and conclusions of law in this case more than nine months ago. Despite this passage of time and the flurry of post-trial motions, this is the first time the parties have taken issue with the Court's findings of fact. The question of timeliness aside, the Court finds that the parties' motion is without merit.

■ The parties do not argue that the Court committed some manifest error in its fact-finding role, but that certain language

---

1. In bringing this motion, the parties failed to comply with the Court's Rule 2(A), which unequivocally requires the moving party to request a pre-motion conference with the Court before bringing any non-discovery motion. Counsel should be aware that failure to follow this procedure in the future will not be tolerated.

used by the Court "is, in the opinion of the parties, contrary to the record in this case and could have a devastating effect upon Defendant, both personally and professionally, and upon non-parties to this case." Br. at 2–3. The parties fail entirely to substantiate their conclusory allegations that the Court's findings are somehow flawed and will work some injustice to defendant. Thus, the Court sees no reason to disturb its judgment based on the submission of the parties or the record in this case.

The parties' legal argument is similarly untenable. In support of their contention that the Court should vacate its judgment in this case, the parties rely on *Nestle*, which they describe as the "seminal case" on this issue. Br. at 3. *Nestle*, however, deals with vacatur of a district court judgment to facilitate settlement of a case still pending on appeal. Not only is *Nestle* inapposite here, but, as the parties note, its application has been widely called into question by rulings of the Second Circuit and the Supreme Court, *see U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994); *Major League Baseball Properties, Inc. v. Pacific Trading Cards, Inc.*, 150 F.3d 149, 151 (2d Cir.1998); *Manufacturers Hanover Trust Co. v. Yanakas*, 11 F.3d 381 (2d Cir.1993), as well as by recent cases from this District. *See, e.g., Austin v. Ford*, 181 F.R.D. 283 (S.D.N.Y. 1998); *Jewelers Vigilance Cmte., Inc. v. Vitale Inc.*, 177 F.R.D. 184 (S.D.N.Y.1998); *Agee v. Paramount Communications, Inc.*, 932 F.Supp. 85 (S.D.N.Y.1996).

In these and other cases, the legal standard for vacatur is characterized as a balancing test, by which the courts must weigh "the interests of honoring settlements reached by the parties against the public interest in the finality of judgments and the development of decisional law." *Jewelers Vigilance Cmte.*, 177 F.R.D. at 186 (citing *Nestle*, 756 F.2d at 282; *Aetna Casualty and Surety Co. v. Home Ins. Co.*, 882 F.Supp. 1355, 1357 (S.D.N.Y.1995); *IBM Credit Corp. v. United*

*Home for Aged Hebrews*, 848 F.Supp. 495, 496 (S.D.N.Y.1994)).

In applying this standard, however, the courts draw a sharp distinction between those judgments that may be appealed as of right, and those that are final. The Supreme Court explained in *U.S. Bancorp* that the rule favoring vacatur of non-final judgments accommodates the litigant "who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, [and] ought not in fairness be forced to acquiesce in the judgment." 513 U.S. at 25, 115 S.Ct. 386. Following the Supreme Court's holding in *U.S. Bancorp*, the Second Circuit has specifically refused to vacate "judgments as to which there is no right of review." *Yanakas*, 11 F.3d at 385. In the case at bar, as in *Yanakas*, there is "no party [who] may obtain further review as a matter of right," *id.* at 384, because defendant withdrew his appeal months ago, and the time for appeal has long since expired. In short, no party to this action is in the situation described by the Supreme Court in *U.S. Bancorp*: that is, torn between a practical interest in settlement and the need to challenge an unfavorable judgment on appeal.

Unlike every case cited by the parties in their brief, and every case discussed above, the instant suit was no longer a live controversy when the parties brought their motion for vacatur. After the Court's amended judgment was entered, defendant withdrew his appeal, and this case has been closed in both courts for many months. In *Nestle* and other cases in which the Second Circuit has granted motions for vacatur,[2] the decision to vacate the district court's judgment permitted the parties to proceed with their proposed settlement, effectively mooting the appeal and bringing the case to a close. Here, the case was closed long before the motion was brought. There is simply no contest between the parties' interest in "settlement" and the public interest in the finality of judgments and the development of decisional law. Although the parties refer frequently to their interest in settlement, their post-trial agree-

---

**2.** *See, e.g., Major League Baseball Properties,* 150 F.3d at 153; *Keller v. Mobil Corp.,* 55 F.3d 94 (2d Cir.1995).

ment is not truly a settlement. While the Court certainly encourages the parties' post-trial collaboration in giving effect to the Court's judgment, there is no longer a judicial interest in "settling" this case, as each of plaintiffs' claims has already been decided by the Court at substantial public cost.

The parties argue that the precedential effect of the Court's Opinion is not "so significant" that it should be allowed to stand, particularly if such might harm defendant. *See* Br. at 5. The parties further contend that the Court's Opinion involves "an area of law which is not heavily litigated," and the Opinion will therefore "not be used by other private parties for guidance." *Id.* In making such an argument, the parties betray a fundamental misunderstanding of the nature of civil judgments. The courts have made amply clear that judgments are public property,[3] and—once entered—cannot be bought and sold, vacated and modified, for the convenience of the parties. *See Yanakas*, 11 F.3d at 385 ("[W]hile this Court has encouraged the parties to settle cases before the filing of a decision that is not reviewable as of right, once such a decision has been rendered we decline to allow them to dictate, by purchase and sale, whether the precedent it sets will remain in existence.") The courts have undeniably been more flexible where vacatur would bring an end to the tortured history of a litigation, opening a door to settlement by relieving some party from having to fight an undesirable ruling on appeal. Here, however, there exists no such competing interest. *See Major League Baseball Properties*, 150 F.3d at 151 ("[W]hen a judgment is mooted by settlement, vacatur is usually not justified because the social value

in preserving precedents is not outweighed by equitable considerations."); *see also U.S. Bancorp*, 513 U.S. at 25, 115 S.Ct. 386 (equitable rationale does not justify vacatur if judgment mooted by settlement because by settling "the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice.")

In the final analysis, the parties are asking this Court to vacate its judgment because its language does not suit defendant's taste. This the Court will not do. *Cf. Yanakas*, 11 F.3d at 384 (refusing to "allow a party with a deep pocket to eliminate an unreviewable precedent it dislikes simply by agreeing to a sufficiently lucrative settlement to obtain its adversary's cooperation in a motion to vacate.") The motion is denied.

## CONCLUSION

For the reasons stated herein, the parties' motion to vacate the Court's judgment dated August 17, 1999, and amended judgment dated November 8, 1999, is hereby DENIED.

**SO ORDERED.**

---

**3.** On this point, the courts often cite the language of the Seventh Circuit in *In re Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299, 1301–02 (7th Cir.1988): "When a clash between genuine adversaries produces a precedent, ... the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement. The precedent, a public act of a public official, is not the parties' property." With reference to this opinion, the Tenth Circuit in *Oklahoma Radio Associates v. FDIC*, 3 F.3d 1436, 1444 (10th Cir.1993), agreed that: "The furthering of settlement of controversies is important and desirable, but there are significant

countervailing considerations which we must also weigh. A policy permitting litigants to use the settlement process as a means of obtaining the withdrawal of unfavorable precedents is fraught with potential for abuse. We agree with the Seventh Circuit that an opinion is a public act of the government, which may not be expunged by private agreement....We agree with Judge Easterbrook's view that the parties are not free to contract about the existence of these decisions." (internal quotes and citations omitted). *See also U.S. Bancorp*, 513 U.S. at 26–27, 115 S.Ct. 386 (discussing the social value of judicial precedents).