# United States Court of Appeals
## For the First Circuit

No.  02-2710

WAL-MART STORES, INC.; WAL-MART PUERTO RICO, INC.;
SUPERMERCADOS AMIGO, INC.,

Plaintiffs, Appellees,

v.

ANABELLE RODRIGUEZ, in her personal and official capacity as
Secretary of Justice of the Commonwealth of Puerto Rico,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Lynch, Circuit Judge,
Campbell, Senior Circuit Judge,
and Howard, Circuit Judge.

Roberto J. Sánchez-Ramos, Solicitor General, Vanessa Lugo
Flores, Deputy Solicitor General, Hiram A. Meléndez-Juarbe,
Assistant Solicitor General, and Jaime Mercado-Almodóvar,
Assistant Solicitor General, on the briefs for appellant.
Bernard W. Nussbaum, Michael H. Byowitz, George T. Conway
III, Wachtell, Lipton, Rosen & Katz, Rubén T. Nigaglioni, Raúl M.
Arias, Veronica Ferraiuoli-Hornedo, and McConnell Valdés on the
briefs for appellees.
Thomas F. Reilly, Attorney General, Glenn S. Kaplan,
Assistant Attorney General, Jesse M. Caplan, Assistant Attorney
General, and Timothy E. Moran, Assistant Attorney General, on the
brief for the Commonwealth of Massachusetts and nineteen other
states, amici curiae.

Kevin J. O'Connor, Jennifer L. Peterson, and La Follette Godfrey & Kahn, on the brief for the American Antitrust Institute, amicus curiae.

Michael Stumo and Stumo & Milleron, LLC on the brief for the Organization for Competitive Markets and the Puerto Rico Farm Bureau, amici curiae.

--------------------

March 20, 2003

--------------------

**LYNCH**, **Circuit Judge**.  The question presented is whether to require vacatur of a district court order when the parties, having settled the case on appeal, join in requesting it.

Anabelle Rodriguez, the Secretary of Justice of the Commonwealth of Puerto Rico, appealed from the federal district court's grant of a preliminary injunction prohibiting her from pursuing an antitrust action which she had filed against Wal-Mart Stores, Inc. in a Puerto Rico court.  The action in the Puerto Rico court claimed, inter alia, that the divestiture of four stores, approved by the FTC attendant to Wal-Mart's acquisition of a Puerto Rico supermarket chain, violated the Commonwealth's antitrust statute.  See 10 P.R. Laws Ann. §§ 257-276 (2002).

On December 6, 2002, despite a previously-issued federal temporary restraining order prohibiting her from doing so, Rodriguez sought and obtained from the Puerto Rico court an ex parte preliminary injunction that enjoined Wal-Mart from taking further steps to consummate the merger.  Wal-Mart had filed a federal court action earlier that day under 42 U.S.C. § 1983 (2000), contending that the Secretary's purported antitrust concerns were a sham and that the Secretary's court action was unconstitutionally filed in retaliation for Wal-Mart's refusal to accede to the Secretary's unlawful protectionist demands.  The district court, on December 17, 2002, denied the Secretary's motion that it abstain under the doctrine of Younger v. Harris, 401 U.S.

-3-

37 (1971). After a three-day evidentiary hearing, the court entered the preliminary injunction on December 26.

The Secretary appealed, arguing, inter alia, that the district court should have abstained and that issuance of injunctive relief was improper. Wal-Mart argued that Younger abstention was unwarranted and that the injunction was not an abuse of discretion. This court denied the Secretary's application for a stay of the federal preliminary injunction and expedited the appeal. We received several briefs amicus curiae in support of the Secretary from the chief enforcement officers of twenty states, the American Antitrust Institute, and others, expressing concern about a federal court enjoining enforcement of a state antitrust law.

Oral argument was scheduled for March 6, 2003. On March 3, the parties filed a "Joint Motion Requesting Remand to the District Court with Instructions to Dismiss the Underlying Action with Prejudice and to Vacate the Preliminary Injunction and Opinion and Order Below." In the motion the parties reported they had entered into a stipulation of settlement dispositive of the controversy underlying the appeal. A key element of the stipulation and motion is the request that this court remand to the district court with instructions not only to dismiss the complaint with prejudice but likewise to vacate the December 26 preliminary injunction and the court's related opinion and order. In the joint motion, the Secretary represented that moving for vacatur of the

-4-

opinion and order was an "essential component of the appellant's entry into the stipulation of settlement," as "she is primarily concerned about the impact of the decision below on her obligations as the official with principal responsibility to institute enforcement actions under and otherwise enforce Puerto Rico's antitrust laws;" and - - citing to Massachusetts' amicus brief on behalf of 19 states - - she also believes the decision below adversely implicates issues of federal-state relations of concern to many states.

Ordinarily, the settlement of a case will lead to dismissal of an action but not to vacatur of the orders already issued. In U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18 (1994), the Supreme Court held unanimously that vacating a judgment in these circumstances (as part of dismissal of an appeal pursuant to a settlement agreement) was the exception, not the rule, and must be justified by equitable circumstances. Id. at 29. Vacatur may be appropriate where mootness arises through "happenstance," id. at 25 (quoting United States v. Munsingwear, Inc., 340 U.S. 36, 40 (1950)), or through the unilateral action of the party prevailing below, see id., but not necessarily where the appellant moots the case by settlement or withdrawal of the appeal, id. at 25-26. See Kerkhof v. MCI WorldCom, Inc., 282 F.3d 44, 53-54 (1st Cir. 2002). Accordingly, by order entered March 4, 2003, this court requested the parties to

brief what equitable circumstances, if any, warranted vacatur.  The parties filed a joint brief in response.

Pursuant to the settlement, the Secretary dismissed her case in the Puerto Rico court, freeing Wal-Mart from the preliminary injunction against it.  Wal-Mart agreed to divest two stores in addition to the four stores covered by the FTC agreement, and made certain promises related to its labor and purchasing practices in Puerto Rico.  The Secretary seeks vacatur because she fears that the district court decision may impair her in her duties to enforce the laws of the Commonwealth.  Wal-Mart agreed to join the motion for vacatur solely because Wal-Mart believes that resolution of this controversy by means of settlement is in the interest of the parties, of justice, and of the public.

The equitable decision on vacatur rests in the discretion of this court.  Kerkhof, 282 F.3d at 53.  We agree with the parties that the special circumstances of this case warrant vacatur of the district court's preliminary injunction and the associated opinion and orders.  Our precedent supports vacatur here.

As in Kerkhof, vacating the judgment preserves the ability of both sides to litigate the issues should they arise again.  Id. at 54.  The issues before the district court here were complicated, involving weighty concerns of both federalism and antitrust law.  This settlement was not motivated by one party or

the other attempting to obtain a strategic advantage from the existence of that injunction.

As in <u>Motta</u> v. <u>District Director of INS</u>, 61 F.3d 117, 118 (1st Cir. 1995) (per curiam), the party seeking vacatur is a government agency, a repeat player in the courts. The government has an institutional interest in vacating adverse rulings of potential precedential value. <u>Id.</u> While the strength of that interest may vary under different circumstances, it is sufficiently strong here, both abstractly and specifically because of the Secretary's insistence that the settlement will fail if vacatur is not granted.[1] It would be inequitable here to require the Secretary to choose between the strong public interest in settling the case amicably and her interest as chief enforcement officer in removing adverse precedent. And Wal-Mart, whose attempts to consummate a merger and acquisition transaction which closed on December 5, 2002 have been enmired in litigation ever since, has an interest in ending litigation which has frustrated its need for business certainty.

Finally, federalism concerns support vacatur here. The Secretary's actions in proceeding in Puerto Rico's courts in the face of a federal court restraining order were certainly unusual.

---

[1] The fact that a party conditions a settlement on achieving vacatur does not by itself provide the needed equitable circumstances. Such a rule would essentially remove the decision from the court and hand it to the parties, in violation of the <u>U.S. Bancorp</u> rule.

-7-

But then a federal action to restrain a local law enforcement official from bringing a local antitrust action is itself unusual. The Secretary has dismissed the Commonwealth's enforcement action and freed Wal-Mart of that constraint. Similarly freeing the Secretary here is an equitable outcome.

Accordingly, we <u>grant</u> the request and <u>remand</u> to the district court with instructions to <u>vacate</u> the preliminary injunction, opinion and order issued on December 26, 2002 and to <u>dismiss</u> the case with prejudice. Each side shall bear its own costs.