**Not for publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

———————

No. 02-2425

BRUCE JACKSON,

Plaintiff, Appellant,

v.

LINDSAY NORMAN,
individually and in his capacity as President
of Massachusetts Bay Community College,

Defendant, Appellee.

———————

APPEAL FORM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., <u>U.S. District Judge</u>]

———————

Before

Lynch, <u>Circuit Judge</u>,
Lipez, <u>Circuit Judge</u>,
and Oberdorfer,[*] <u>Senior District Judge</u>.

———————

<u>Sam Silverman</u> for appellant.
<u>Maite A. Parsi</u>, Assistant Attorney General, with whom <u>Thomas F. Reilly</u>, Attorney General, was on brief, for appellee.

———————

October 24, 2003

———————

[*]Of the United States District Court for the District of Columbia, sitting by designation.

**Per Curiam**.  Plaintiff Bruce Jackson brought suit under 42 U.S.C. §§ 1983 and 1988, challenging the procedures associated with the termination of his employment.  That termination was, however, still subject to challenge in various administrative proceedings and in arbitration under the collective bargaining agreement.  The district court dismissed his complaint with prejudice.  Jackson appealed.

At oral argument, this court was informed that the arbitration regarding Jackson's termination is underway and that the reinstatement of Jackson is a remedy available to the arbitrator.  The court inquired of the parties whether, in a practical sense, the case might be mooted by the arbitrator's decision, and urged the parties to consider a stipulated resolution that would preserve the rights of both sides.

On October 20, 2003, the parties filed with the court a stipulation that the matter be remanded to the district court for dismissal without prejudice and that Jackson will no longer pursue the appeal in this action.

The equitable decision on vacatur of a district court order rests in the discretion of this court.  Kerkof v. MCI WorldCom, Inc., 282 F.3d 44, 53-54 (1st Cir. 2002).  Under the circumstances of this case, we think it appropriate to vacate the order of dismissal with prejudice and remand with instructions to the district court to enter a dismissal without prejudice.  Wal-

Mart Stores, Inc. v. Rodriguez, 322 F.3d 747, 750 (1st Cir. 2003).
The request to vacate is not sought for strategic reasons or to
unfairly advantage either side.  To the contrary, it is meant to
avoid unnecessary litigation and to preserve the rights of the
parties should the matter not be resolved.

So ordered.  No costs are awarded.