# United States Court of Appeals
## For the First Circuit

No. 03-1938

GLORIA AREVALO,

Petitioner, Appellee,

v.

JOHN ASHCROFT, ATTORNEY GENERAL, ET AL.,

Respondents, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Torruella, Circuit Judge,
Campbell, Senior Circuit Judge,
and Selya, Circuit Judge.

October 5, 2004

    Anthony Drago on Opposition to Motion to Vacate, for petitioner.
    Papu Sandhu, Office of Immigration Litigation, on Motion to Vacate, for respondents.

**Per Curiam**.  Immigration and Customs Enforcement (ICE) appeals a judgment of the district court granting petitioner Gloria Arevalo's request for habeas relief.  Arevalo v. Ashcroft, 260 F.Supp.2d 347 (D. Mass. 2003) (Arevalo I).  Subsequent to the filing of this appeal, this court issued a decision vacating petitioner's order of removal.  Arevalo v. Ashcroft, 344 F.3d 1 (1st Cir. 2003) (Arevalo II).  Since the district court decision is now moot, we must dismiss the instant appeal for lack of jurisdiction.  At the same time, at the request of ICE, we instruct the district court to vacate its judgment granting habeas relief.

We summarize only the facts essential to this appeal. Further background can be found in our prior opinion.  In early 2003, the Immigration and Naturalization Service (INS)[1] served petitioner with notice that it intended to reinstate, pursuant to 8 U.S.C. § 1231(a)(5), a prior deportation order and to remove her from the United States.  At the same time, the INS took Arevalo into custody.  When Arevalo sought relief in the district court, that court concluded that it lacked subject matter jurisdiction over her request and transferred the case to this court.  This court temporarily stayed petitioner's deportation and denied her request for habeas relief without prejudice to her seeking such

---

[1]Effective March 1, 2003, the INS ceased to exist and its interior enforcement functions were transferred to the Department of Homeland Security.  ICE is a sub-agency of this department.

relief in the district court. While petitioner's appeal of the removal order was pending in this court, the district court granted Arevalo's request for habeas relief. The court held that the relevant statute did not authorize ICE to detain Arevalo after the 90-day period provided by 8 U.S.C. § 1231(a) expired. Arevalo I, 260 F.Supp.2d at 349-50. ICE appealed. While its appeal was pending, we decided that ICE could not reinstate its prior removal order against Arevalo because of ex post facto concerns. Arevalo II, 344 F.3d at 9-15. This effectively mooted the instant appeal. ICE now seeks to have the district court judgment vacated because of what it claims is the district court's erroneous interpretation of § 1231(a).

Whether or not to vacate a decision that has become moot on appeal rests in the equitable discretion of this court. Kerkhoff v. MCI Worldcom, Inc., 282 F.3d 44, 53 (1st Cir. 2002). A primary consideration is whether the appellant deliberately mooted the appeal. See id.; see also Fed. Ins. Co. v. Maine Yankee Atomic Power Co., 311 F.3d 79, 82 (1st Cir. 2002). Vacatur normally is granted unless the mootness arises from settlement between the parties or from appellant's voluntary withdrawal of the appeal. Med. Prof'l Mut. Ins. Co. v. Breon Labs., Inc., 141 F.3d 373, 375 (1st Cir. 1998). As explained by the Supreme Court, "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness

be forced to acquiesce in the judgment." United States Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 25 (1994).

Equitable considerations favor vacatur in the instant case. Not only did ICE vigorously pursue its appeal but, "as a repeat player before the courts, [it] is primarily concerned with the precedential effect of the decision below," Motta v. Dist. Dir. of INS, 61 F.3d 117, 119 (1st Cir. 1995), and "has an institutional interest in vacating adverse rulings of potential precedential value," Wal-Mart Stores, Inc. v. Rodriguez, 322 F.3d 747, 750 (1st Cir. 2003). "A case that becomes moot pending appeal, necessarily untested by appellate scrutiny, lacks the stamp of reliability that is required to warrant preclusive effect." Nat'l R.R. Passenger Corp. v. Int'l Ass'n of Machinists and Aerospace Workers, 915 F.2d 43, 48 (1st Cir. 1990) (attributions and internal quotation marks omitted). Moreover, petitioner is no longer subject to reinstatement of the removal order against her. Consequently, vacating the judgment harms neither party and leaves the interpretation of 8 U.S.C. § 1231(a) to be litigated fully in a more appropriate case.

We need go no further. The appeal is dismissed as moot. The case is remanded to the district court with instructions to vacate its memorandum and order, dated May 9, 2003. This disposition in no way reflects any view of the merits of the appeal.

So ordered.