# United States Court of Appeals

## For the First Circuit

No. 07-1537

ROSARIO GUZZI,

Plaintiff, Appellant,

v.

MICHAEL THOMPSON, SUPERINTENDENT OF MCI SHIRLEY;
GREG MCCANN, DIRECTOR OF TREATMENT MCI SHIRLEY;
RABBI BLOTNER,

Defendants, Appellees,

EXECUTIVE OFFICE OF PUBLIC SAFETY,

Defendant.

Before
Torruella, Lynch and Howard,
Circuit Judges.

**JUDGMENT**
**Entered: May 14, 2008**

In this prisoner's rights case, we allowed amicus to appear on behalf of the pro se inmate. In the course of the oral argument, it appeared to us that the case may have arisen from a mutual misunderstanding. We encouraged the parties to engage in discussions and report back.

The parties reported back that they had resolved the matter. The defendant requested dismissal and amicus filed a response which favored dismissal and vacatur. Defendant responded, at our request, to the position of amicus and did not oppose vacatur.

We have reviewed the parties' submissions. The defendants-appellees have provided the plaintiff the relief he requested in his complaint. As a general rule, "'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot.' But jurisdiction, properly acquired, may abate if the case becomes

moot because . . . it can be said with assurance that 'there is no reasonable expectation . . .' that the alleged violation will recur . . . ." Los Angeles County v. Davis, 440 U.S. 625, 631 (1979) (quoting United States v. W.T. Grant Co., 345 U.S. 629, 632, 633 (1953)) (citations omitted). See Wal-Mart Stores, Inc. v. Rodriguez, 322 F.3d 747, 749 (1st Cir. 2003); Kerkhof v. MCI Worldcom, Inc., 282 F.3d 44, 53-54 (1st Cir. 2002).

The parties agree that this condition is met and that the appeal should be dismissed as moot. The plaintiff-appellant has asked us, as a result, to vacate the judgment under review, which is reported in an opinion at Guzzi v. Thompson, 470 F. Supp. 2d 17 (D. Mass. 2007). The decision on vacatur rests in the equitable discretion of this court. While mootness alone does not ordinarily give rise to vacatur, we have recognized that vacatur "may be appropriate where mootness arises . . . through the unilateral action of the party prevailing below." Wal-Mart, 322 F.3d at 749 (1st Cir. 2003) (citing U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 25 (1994)); see also Shelby v. Superformance Int'l., Inc., 435 F.3d 42, 46 (1st Cir. 2006); Kerkhof, 282 F.3d at 54. The defendants-appellees here do not object to vacatur. We find that the equitable considerations favor vacatur of the action. As in Wal-Mart and Kerkhof, vacating the judgment preserves the ability of both sides to litigate complex issues, here under the Religious Freedom Restoration Act. As well, federalism concerns support dismissal.

We accordingly vacate the district court's decision and remand with instructions to dismiss this suit as moot. Each side shall bear its own costs.

So ordered.

By the Court:
/s/ Richard Cushing Donovan, Clerk

cc: Hon. William G. Young, Ms. Sarah A. Thornton, Clerk, United States District Court for the District of Massachusetts, Mr. Rassbach, Ms. Windham, & Ms. Kennedy.