16-2761-cr
United States v. Khan

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7th day of June, two thousand eighteen.

Present:      ROSEMARY S. POOLER,
              REENA RAGGI,
              CHRISTOPHER F. DRONEY,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

              v.                                                  16-2761-cr

HASSAN KHAN,

                        *Defendant-Appellant*.

_____

Appearing for Appellant:      Richard D. Willstatter, Green & Willstatter, White Plains, N.Y.

Appearing for Appellee:       Alex Rossmiller, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED IN PART, VACATED IN PART, AND REMANDED** for entry of a modified judgment.

Appellant Hassan Khan appeals from the June 27, 2016 judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*), convicting him, following a guilty plea, of coercion and enticement of a minor to engage in sex acts, in violation of 18 U.S.C. § 2422(b) and sentencing him for having done so. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Khan raises three challenges to the judgment below. Two fail, but one succeeds.

First Khan argues that the district court did not establish a factual basis for his plea, in violation of Federal Rule of Criminal Procedure 11(b)(3). Khan pleaded guilty to one count of coercion and enticement of a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b), which makes it a crime to use a facility of interstate commerce to "knowingly persuade, induce, entice, or coerce . . . [a minor] . . . [t]o engage in . . .any sexual activity for which any person can be charged with a criminal offense." The "to wit" clause in the Information related to that charge alleged that "KHAN used a computer and the Internet to persuade, induce, entice, and coerce Victim-1, a minor, to send images, videos, and live visual depictions of Victim-1 engaging in sexual activity to KHAN over the internet." App'x at 22. While Khan admitted at his plea hearing to facts that established all of the elements of the offense of conviction, his description of his conduct at the plea proceeding did not mention that fact that Victim 1 sent him images and video of herself engaging in sexual activity. Khan argues that there was an insufficient factual basis to support his plea because he did not allocute to the conduct alleged in the "to wit" clause.

Generally Rule 11 challenges are evaluated for harmless error, *see* Fed. R. Crim. P. 11(h), but where, as here, "a defendant raises on appeal a claim of Rule 11 error that he did not raise in the district court, that claim is reviewable only for plain error." *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006). If we are to find plain error, we must conclude that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

There is no plain error here.[1] Rule 11(b)(3) simply "requires the court to assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997). The purpose of Rule 11(b)(3) is to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that

---

[1] We note that Khan has not waived his right to challenge his plea. Since an appellate waiver is part of a plea agreement and a successful Rule 11 challenge undermines the validity of that very plea agreement, an appellate waiver cannot stand in the way of a Rule 11 challenge. *See United States v. Adams*, 448 F.3d 492, 497 (2d Cir. 2006); *Maher*, 108 F.3d at 1528-29.

his conduct does not actually fall within the charge." *Id.* (quoting *McCarthy v. United States*, 394 U.S. 459, 467 (1969)). Khan allocuted to conduct that violated the statute. He admitted to using the internet to meet Victim-1 in 2008, to develop a friendship "that eventually became sexualized in nature," App'x at 51, and to eventually meet her in person to have sexual intercourse with her when he was 24 and she was 15. He even admitted that such intercourse was illegal. That this conduct did not comport with the particular "to wit" clause of the Information is of no object in this case. The "to wit" clause of an information or indictment "is properly understood to be illustrative rather than definitional of the core of criminality charged." *United States v. Agrawal*, 726 F.3d 235, 261 (2d Cir. 2013). The "to wit" clause of the Information in this case illustrated one manner in which Khan allegedly violated the relevant statute, and Khan allocuted to violating the statute in another manner. Such a variance does not constitute a violation of Rule 11(b)(3).[2]

Next, Khan attempts to contest the amount of restitution he is being compelled to pay on the grounds that it was imposed without a determination of the victim's "actual loss." But in his plea agreement Khan waived his right to appeal his sentence. He does not deny that he entered the plea agreement knowingly and voluntarily, nor does he claim to be raising a non-waivable constitutional challenge. His contention that the district court did not specifically instruct him that by waiving his right to appeal his sentence he was waiving his right to appeal the restitution amount is unavailing, especially given that the restitution imposed was the exact amount stipulated to in his plea agreement. *See United States v. Riggi*, 649 F.3d 143, 148 (2d Cir. 2011) (finding that so long as "the right at issue" does not have "an overriding impact on public interests" and the "sentence was reached in a manner that the plea agreement" anticipated, an appellate waiver is valid (alteration and internal quotation marks omitted)); 18 U.S.C. § 3663(a)(3) (providing that "[t]he court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement").

Finally, Khan argues that the district court improperly included a term in the judgment requiring him to pay restitution in full "not later than 3 months prior to the termination of the [ten-year] term of supervision" after having imposed restitution without this condition during oral sentencing. Appellant's Br. at 41 (Khan's argument); App'x at 209 (judgment containing the condition). The government does not claim that Khan has waived his right to challenge this condition, and so it has waived that argument. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Thus, we review this aspect of the district court's judgment de novo, *see United States v. Jacques*, 321 F.3d 255, 262 (2d Cir. 2003).

---

[2] Khan also argues—for the first time in his reply brief—that the conduct to which he allocated did not constitute a violation of the statue because he did not admit to using the internet to facilitate the unlawful sexual encounter with Victim 1. Because Khan did not raise this argument in his opening brief, he has abandoned it. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005). Even if Khan had raised this argument, it would be meritless. Khan admitted in his plea allocution that he used the internet to meet Victim 1, to develop a relationship that "eventually became sexualized in nature," and to plan a trip to visit and have sexual intercourse with her when she was 15 and he was 24. App'x at 51-52.

3

Rule 43 of the Federal Rules of Criminal Procedure and due process require that "in the event of variation between an oral pronouncement of a sentence and a subsequent written judgment, the oral pronouncement controls, and any burdensome punishments or restrictions added in the written judgment must be removed." *United States v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004) (footnote and internal citation omitted). The rule does not apply to conditions of supervised release that are "mandated []or recommended by the [Sentencing] Guidelines" or to "basic administrative requirement[s]." *Jacques*, 321 F.3d at 263. It is uncontested that the restitution payment cutoff date is neither mandated nor recommended by the Guidelines. The government instead contends that the cutoff date was a "permissible clarification of the oral sentence and of the written order of restitution." Appellee's Br. at 26. We are not persuaded. The district court said nothing about restitution at sentencing; it simply adopted the order of restitution that the government had drafted. That order contained no cutoff date. It only required "monthly installments of 15% of gross monthly income, to commence 30 days after the release of the defendant from custody." App'x at 202. So even if we were to consider the details of that order incorporated into the oral sentence by reference, the district court would have never mentioned a cutoff date. As applied to Khan, a cutoff date has the effect of substantially raising the amount of money he will have to pay during the course of his supervised release. Thus, it is not a "clarification;" it is the addition of a new "burdensome…restriction[]." *Rosario*, 386 F.3d at 168.

The cutoff date must thus be vacated. On remand, the district court is to enter a new judgment either removing the cutoff date or re-imposing it in Khan's presence.

Accordingly, the judgment of the district court hereby is AFFIRMED in all parts except for the condition that restitution be repaid by three months prior to the end of Khan's supervised release. That condition is VACATED, and this matter is REMANDED to the district court for entry of a modified judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4